Reginald D. Plato and (Qualified Electors), Appellants *v.* Richard Caliguiri (Mayor), Appellee.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Reginald D. Plato,* appellant, for himself and others.

*Marvin A. Fein,* Associate City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

PER CURIAM OPINION, August 18, 1981:

Reginald D. Plato and other qualified electors of the City of Pittsburgh (appellants) have appealed from an order of the Court of Common Pleas of Allegheny County which dismissed a petition for the impeachment of Mayor Richard Caliguiri and ordered the petition stricken from the court docket. We affirm.

The petition in question was filed by the appellants on March 6, 1980. It contained the following general statement:

> We the undersigned electors of the City of Pittsburgh, wish to file these Articles of Impeachment and Removal, Subject, to be Mayor Richard Caliguiri, as provided for in the Preamble and Articles, in the document known as and described as (Charter) City of Pittsburgh effective January 1976. We, the undersigned, believe this Petition is allowable and provided for under Article 8, sections 806 and 807 alleging vio-

lations of the Charter. We have every reason to believe that the good people and citizens of this great city of Pittsburgh will embrace and support the spirit and full meaning of the charter and farthermore the spirit be encompassed by people of good will of all shadings and genders, and beginnings (ethnic backgrounds) and endorsed by citizens from all walks of life.

This, to make a better Pittsburgh!

(Parentheticals and grammatical errors in original.) This statement is followed by 100 signatures, complete with address, occupation, political affiliation, and date. The first signature is that of Reginald D. Plato. Appended to the petition is a three-page statement of grievances, also signed by Reginald D. Plato and notarized on February 26, 1980.

The record in this case is somewhat muddled. After careful reading, we have pieced together the following chronology of events which is slightly at variance with the official docket entries.[1]

On March 10, 1980, the Honorable BERNARD J. McGOWAN conducted a hearing to consider the petition. At that hearing, he asked both parties to submit briefs on an oral motion to quash which had been made by the City Solicitor on behalf of Mayor Caliguiri. Judge McGOWAN subsequently entered an order on March 25, 1980, which caused the petition to be dismissed and stricken from the docket. The appellant filed exceptions on April 9, 1980.[2] Judge McGOWAN filed an opinion on May 27, 1980, which set forth the reasons for his March 25 order.

---

[1] For example, the Mayor's motion to quash and briefs thereon were all filed on June 3, 1980, more than 10 weeks *after* the order dismissing the petition was entered.

[2] No one has argued to this court that the exceptions should have been considered by the Court of Common Pleas of Allegheny County en banc.

Judge McGowan found that the petition was defective because it did not set forth any grounds for impeachment. Grounds for impeachment were set forth in the appended statement, but Judge McGowan held that the appended statement was not part of the original petition. Since the appended statement was signed by only one person, it did not satisfy the requirements of either the City Charter or Article XIII of the Second Class City Law, Act of March 7, 1901, P.L. 20, *as amended*, 53 P.S. §§ 22331-22338,[3] both of which require at least 20 signatures on an impeachment petition.[4]

We hold that Judge McGowan did not err in finding that the petition did not set forth any valid grounds for impeachment. No evidence was presented from which he could have concluded that the appended statement was a part of the petition when it was signed by the 100 citizens of Pittsburgh.

Indeed, the evidence points strongly in the other direction. First, the petition is handwritten in ink, but the appended statement is typed. Second, the petition was drafted on a preprinted form and enclosed in a "blue back", but the appended statement is drafted on legal-sized bond with blue margin lines and not enclosed in the blue back. Third, while it is possible that the two documents could have been fastened together at some time in the past, they are separated in the official docket by several "exhibits." The most per-

---

[3] Specifically, Section 1 of the Second Class City Law, 53 P.S. §22332, provides, in pertinent part, that "[c]omplaint in writing may be made to the court of common pleas . . . by not less than twenty freeholders of the city . . . supported by the oaths or affirmations of at least five of the complainants."

[4] We have not considered, nor do we decide, whether the Charter provisions supersede those set forth in Article XIII of the Second Class City Law. Since the petition in question did not satisfy the requirements of the former, a fortiori it could not have satisfied the more stringent requirements of the latter.

348

suasive evidence, however, is that both documents begin with the language "We the undersigned electors of the City of Pittsburgh" and both are signed by Mr. Plato. This at least implies an intention that the signatories were to sign the documents independently at the end of the text. Only one signature, Mr. Plato's, appears at the end of the text of the appended statement. One hundred signatures, including Mr. Plato's, appear at the end of the petition. Neither document makes reference to the other.

Since the petition, which was signed by more than 20 persons, does not set forth grounds for the impeachment of Mayor Richard Caliguiri, it was properly dismissed. Since the appended statement, which *does* set forth grounds for impeachment was *not* signed by 20 or more persons, the court below properly refused to consider it. Therefore, we must affirm that court's decision.

Order affirmed.

ORDER

AND Now, this 18th day of August, 1981, the order of the Court of Common Pleas of Allegheny County, dated March 25, 1980, which dismissed the petition of Reginald D. Plato and other qualified electors of the City of Pittsburgh for the impeachment of Mayor Richard Caliguiri, is hereby affirmed.